The **STATE** of Ohio, Appellee,

v.

**LUNSFORD**, Appellant.

[Cite as *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 24122.

Decided March 4, 2011.

196

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Richard A. Nystrom, for appellant.

---

HALL, Judge.

{¶ 1} Thomas S. Lunsford appeals from his resentencing on one count of possessing more than 1,000 grams of powder cocaine.

{¶ 2} In his sole assignment of error, Lunsford contends that the trial court erred in ordering him to pay court costs when he provided evidence of indigency prior to his resentencing hearing.

{¶ 3} The record reflects that Lunsford pleaded guilty to the cocaine-possession charge and received a ten-year prison sentence in 2000. The trial court's termination entry included the following language:

{¶ 4} "The defendant is hereby ORDERED to make complete restitution in the amount of $_____ to be paid to _____.

{¶ 5} "The defendant is to pay the costs of this prosecution taxed at $_____, upon which execution is hereby awarded through the Montgomery County Clerk's Office."

{¶ 6} This court affirmed Lunsford's conviction on direct appeal. See *State v. Lunsford* (Mar. 16, 2001), Montgomery App. No. 18390, 2001 WL 256297. Thereafter, he unsuccessfully sought various forms of postconviction relief. On April 21, 2010, shortly before the completion of his prison term, Lunsford filed a pro se affidavit of indigency and a motion to vacate the payment of court costs, a fine, and restitution.

{¶ 7} On May 18, 2010, the trial court had Lunsford conveyed from prison for resentencing to impose postrelease control. A video of the resentencing hearing reveals that the trial court orally imposed the same ten-year prison sentence. It also declined to impose a fine and advised Lunsford of his postrelease-control obligations. At the resentencing hearing, the trial court said nothing about court costs. In its subsequent May 21, 2010 amended termination entry, however, the trial court stated: "Court costs to be paid in full in the amount determined by the

Montgomery County Clerk of Courts." On May 24, 2010, the clerk of courts sent Lunsford a costs bill for $228.10. This court then granted Lunsford's motion for leave to file a delayed appeal.[1]

{¶ 8} Lunsford's appointed appellate counsel raises several issues but summarily rejects them as lacking merit. These issues include the length of Lunsford's prison sentence, the duration of his community-control obligations, the trial court's jurisdiction to resentence him, application of ex post facto and retroactive law principles, and violations of his due-process and equal-protection rights. Because appellate counsel himself dismisses the foregoing arguments as baseless, we have no obligation to consider them. The present appeal has not been filed pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, under which we would have an independent obligation to review the record for potential errors. Our obligation here is to resolve the assignments of error that Lunsford asserts *do* have merit.

{¶ 9} The sole issue that Lunsford actually argues on appeal involves the trial court's imposition of court costs in its amended termination entry. In support, Lunsford notes that the trial court declared him indigent and declined to impose a fine. He also points out the trial court's failure to mention court costs at the resentencing hearing and the absence of evidence showing his present or future ability to pay costs.

{¶ 10} In response, the state claims that Lunsford waived his argument about costs by failing to object during the resentencing hearing. The state acknowledges his prior April 21, 2010 motion to vacate the imposition of court costs, a fine, and restitution. It correctly notes, however, that this motion necessarily pertained to the *original* termination entry filed in 2000 because Lunsford had not yet been resentenced in April 2010. The state also recognizes the pending motion for a waiver of court costs that Lunsford filed in the trial court several weeks *after* his resentencing. See footnote one. Absent an objection during the May 18, 2010 resentencing hearing, however, the state contends that Lunsford cannot raise the costs issue now.

{¶ 11} Upon review, we are not entirely persuaded by either party's argument. Notably, Lunsford has appealed from a resentencing solely for purposes of imposing postrelease control. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at para-

---

1. We note that after filing his notice of appeal, Lunsford filed a motion in the trial court seeking a waiver of court costs pertaining to resentencing. This motion, which remains pending below, is not part of the appeal before us.

graph four of the syllabus. Res judicata applies to all aspects of an offender's conviction and sentence except for the postrelease-control issue. Id. at paragraph three of the syllabus.

{¶ 12} In light of *Fischer*, Lunsford cannot now challenge court costs that were imposed as part of his original termination entry. As set forth above, the 2000 termination entry provided: "The defendant is to pay the costs of this prosecution taxed at $_____, upon which execution is hereby awarded through the Montgomery County Clerk's Office." This court reviewed identical language in *State v. Murillo*, Montgomery App. No. 21919, 2008-Ohio-201, 2008 WL 186672, ¶ 12–13, and held that it constituted an order for court costs to be paid in an unspecified amount. This court further held that the trial court's failure to specify the amount of court costs, a ministerial act, did not affect the order's finality. Id. at ¶ 14. This court also held that "in the absence of a motion by the defendant at sentencing to waive the payment of court costs, the imposition of court costs cannot be challenged on appeal and is governed by res judicata." Id.

{¶ 13} Reading *Fischer* and *Murillo* together, we conclude that Lunsford's original termination entry required him to pay court costs incurred up to that time. In his first direct appeal, he did not challenge that order. Therefore, under *Fischer* and *Murillo*, Lunsford's obligation to pay costs related to his initial conviction and sentencing is res judicata. The only court costs Lunsford presently can contest are those related to his resentencing.[2] Contrary to the state's argument, he did not forfeit his ability to challenge those costs.

{¶ 14} Although a judge has discretion to waive court costs assessed against an indigent defendant, such a person ordinarily "must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 22.

{¶ 15} The Ohio Supreme Court has recognized an exception, however, when a trial court fails to mention court costs during a sentencing hearing. A trial court errs in failing to tell a defendant at sentencing that it is imposing court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. The error is not harmless because it deprives the defendant of an opportunity to contest the imposition of court costs. Id. Under such circumstances, principles of waiver and res judicata do not apply. Id.

---

2. A costs bill sent to Lunsford on May 24, 2010, confirms that some of the court costs imposed are related to his resentencing.

{¶ 16} In the present case, the trial court did not mention court costs during Lunsford's resentencing hearing. This omission denied him an opportunity to raise a timely objection and to seek a waiver. As a result, we will sustain Lunsford's assignment of error to the extent that it challenges the imposition of court costs related to his resentencing. The trial court's May 21, 2010 judgment will be reversed with regard to the payment of resentencing costs, and the cause will be remanded for the limited purpose of allowing Lunsford to seek a waiver. See *Joseph* at ¶ 23–24.

{¶ 17} As noted above, Lunsford actually moved for a waiver of resentencing costs in the trial court after filing his notice of appeal. Our remand will enable the trial court to rule on the motion. Upon a finding that Lunsford is indigent, the trial court will have the discretion to determine whether resentencing-related court costs should be waived. *Murillo,* 2008-Ohio-201, 2008 WL 186672, at ¶ 7; *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14 (recognizing that a "waiver of costs is permitted—but not required—if the defendant is indigent"). The fact that Lunsford is indigent for purposes of receiving appointed counsel does not necessarily shield him from paying court costs. *State v. Hodge,* Montgomery App. No. 23964, 2011-Ohio-633, 2011 WL 486516, ¶ 55. In resolving the costs issue, the trial court may consider any relevant information, including Lunsford's potential ability to pay his court costs in the future. See, e.g., *State v. Hoelzer,* Lucas App. No. L–08–1037, 2009-Ohio-6337, 2009 WL 4447292, ¶ 14.

{¶ 18} Because the trial court did not provide Lunsford with an opportunity to raise a timely objection to the imposition of resentencing-related court costs, we decline the state's invitation to determine whether the imposition of those costs was an abuse of discretion. The trial court is best positioned to address this issue, in the first instance, on remand. In resolving the issue, the trial court need not have Lunsford conveyed back to court. In this case, the trial court's only obligation is to rule on his pending motion for a waiver of resentencing-related court costs within a reasonable time. See *Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, at ¶ 23.

{¶ 19} The judgment of the Montgomery County Common Pleas Court is reversed with regard to the imposition of resentencing-related court costs, and the cause is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

DONOVAN and FROELICH, JJ., concur.