[Cite as *State v. Lewis*, 2013-Ohio-1581.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                   :              C.A. CASE NO.     25225

v.                                               :              T.C. NO.     12CR538/2

RAYFIELD LEWIS                                   :              (Criminal appeal from
                                                                Common Pleas Court)

     Defendant-Appellant                  :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the    19th    day of     April    , 2013.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton, Ohio 45402
       Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

      **{¶ 1}** Rayfield Lewis pled guilty in the Montgomery County Court of

Common Pleas to aggravated robbery (deadly weapon), a first-degree felony. In exchange for the plea, a firearm specification and a robbery charge were dismissed. The trial court sentenced Lewis to three years in prison, and he was ordered to pay restitution of $500 and court costs. Lewis appeals from his conviction, claiming that his sentence was an abuse of discretion. For the following reasons, the trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for resentencing on court costs only.

{¶ 2} According to the pre-sentence investigation report, on February 9, 2012, Shauna Hernandez called her ex-boyfriend, Dorian Pierce, and asked him to give her a ride to Piqua, Ohio, in exchange for gas money. Hernandez wanted to purchase a vehicle she had seen on Craig's List, and she had $1,400 in her right coat pocket. Pierce picked her up in a gray Chevrolet Trailblazer and drove to a gas station, where Hernandez purchased gas for his vehicle.

{¶ 3} Instead of heading to Piqua, Pierce contacted Jermaine Maddox and told him that he was bringing a woman that they could rob. They arranged for the robbery of Hernandez in an alley. Lewis indicated that he agreed to help Maddox, his cousin, because he (Lewis) was using marijuana, "let his self esteem be controlled by others," and "let the money get the best of him."

{¶ 4} Pierce started driving down alleys for reasons that Hernandez did not understand. At one alley, a man with a black hoodie "produced a shotgun while standing in front of the vehicle." Pierce stopped the truck, at which time a second man jumped into the back seat of the vehicle and started going through Hernandez's left coat pocket. The man took her purse, which contained her primary cell phone, an ACER computer, a credit card, a

prepaid cell phone, and paperwork. The man then "punched her in the face before he walked away from the vehicle." While the robbery was occurring, Pierce repeatedly stated, "Oh shit," and stayed in the vehicle.

{¶ 5} After the robbery in the alley had ended, Pierce asked Hernandez if she needed to go to the bank to get money for the car she wanted to buy. Hernandez showed Pierce the $1,400 that she still had in her right pocket. Pierce told Hernandez that he needed $20 so he could find the suspects. He "snatched" the $1,400 from Hernandez and told her that he would pull a gun on her. Pierce then gave Hernandez $700 back, drove into another alley, and told her, "Get out of the car, bitch."

{¶ 6} Hernandez contacted the police. The pre-sentence investigation report indicates that, when she spoke with the responding officers, she "kept changing her story" and provided "varying accounts of the incident." Four days later, on February 13, Hernandez was contacted by Detective Coberly. At this time, she provided the version of events described above.

{¶ 7} Hernandez called Det. Coberly on February 23 to report that Pierce had offered her money in exchange for her dropping the charges against him. The same day, Pierce went to the detective section of the Dayton Police Department after learning that there was a warrant for his arrest. When asked if he had a gun when he told Hernandez that he would pull a gun on her, Pierce responded, "No, I was just fucking with her." Pierce identified Lewis as the individual who punched Hernandez during the robbery in the alley.

{¶ 8} Lewis was subsequently indicted for aggravated robbery, with a firearm specification, and robbery (physical harm). Maddox was also charged with the same

offenses in the same indictment, but Pierce was not.  In April 2012, Lewis pled guilty to aggravated robbery, a first-degree felony; in exchange for the plea, the firearm specification and robbery charge were dismissed.  The trial court sentenced him to three years in prison, and he was ordered to pay restitution to Hernandez in the amount of $500 and court costs.

**{¶ 9}**    In his sole assignment of error, Lewis claims that "[t]he trial court's sentence was contrary to law and an abuse of discretion."

**{¶ 10}**    We review a felony sentence using a two-step procedure.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.   "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037, ¶ 4 (2d Dist.), quoting *Kalish* at ¶ 4.   "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'"   *Id.*

**{¶ 11}**    The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.  *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.  *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

**{¶ 12}**    Lewis pled guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony.   For a felony of the first degree, the trial court is authorized to impose a prison term of three, four, five, six, seven, eight, nine, ten, or eleven years.   R.C.

2929.14(A)(1). Lewis's three-year prison term – the statutory minimum – was not contrary to law.

{¶ 13} Although not specifically raised by Lewis, we note that the trial court imposed court costs in its sentencing entry without orally imposing those costs at Lewis's sentencing hearing. Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. The Ohio Supreme Court made clear that the trial court must orally notify a defendant at sentencing that the court is imposing court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22, citing Crim.R. 43(A). Because the trial court failed to impose court costs at sentencing, we must remand for the limited purpose of resentencing on court costs.

{¶ 14} Lewis's primary argument is that his sentence was an abuse of discretion, because it was unduly harsh when compared to the sentence Pierce received. According to Lewis, Pierce was charged for the same offense as Lewis, yet Pierce received a more lenient sentence. Lewis states that Pierce pled guilty to robbery, a third-degree felony, and received community control sanctions (including 180 days in jail), despite the fact that Pierce is 33 years old and has a long history of felony convictions. Lewis indicates that he has no felony history, had two minor offenses on his record, and that he was very remorseful following the offense.

{¶ 15} As an initial matter, the record of Pierce's case before the trial court is not part of the record on appeal in this case. We therefore cannot review the transcripts of Pierce's plea and sentencing hearings or the information in Pierce's pre-sentence

investigation, assuming one was conducted. Accordingly, we cannot substantiate the differences in criminal history, pleas, and sentences that Lewis reports in his appellate brief.

{¶ 16} However, even accepting Lewis's allegations regarding Pierce's criminal history and robbery conviction as true, Lewis also notes that Pierce pled guilty to a third-degree felony, as opposed to a first-degree felony. And it is unclear whether Pierce's conviction was based on his robbery of the $700 from Hernandez, which did not involve Lewis, or the aggravated robbery of Hernandez in the alley, of which Lewis was a participant. Lewis's sentence did stem from the aggravated robbery in the alley, during which Lewis punched Hernandez in the face. Accordingly, we cannot say that Lewis's sentence was unduly harsh when compared to Pierce's.

{¶ 17} Upon review of the record in this case, we also cannot conclude that the trial court abused its discretion when it imposed a three-year sentence. Lewis participated in the robbery of Hernandez in an alley, during which another participant, Jermaine Maddox, threatened Hernandez with a shotgun. While Maddox pointed the shotgun at Pierce's vehicle, Lewis went into the vehicle, took Hernandez's purse, and went through Hernandez's left coat pocket. Lewis was identified as the person who punched Hernandez in the face before walking away from the vehicle.

{¶ 18} Under R.C. 2929.13(D)(1), there is a presumption of prison for a first-degree felony. In sentencing Lewis to prison, the trial court stated: "You've participated in a planned robbery involving a firearm. The victim continues to suffer emotional trauma since this offense occurred. And the person who wrote this report finds that you don't appear to accept much responsibility for this offense."

**{¶ 19}**  We recognize that Lewis did express remorse for his involvement in the aggravated robbery, contrary to the trial court's statement at sentencing, and that Lewis's prior criminal convictions were very minor; Lewis had a juvenile truancy charge and an adult misdemeanor conviction for unauthorized use of property.  However, even taking these considerations into account, we cannot conclude that the trial court abused its discretion in imposing the minimum prison term, given the circumstances surrounding the offense.

**{¶ 20}**  Lewis's assignment of error is sustained in part and overruled in part.

**{¶ 21}**  The trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for resentencing on court costs only.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Lucas W. Wilder
Hon. Barbara P. Gorman