[Cite as *State v. Mullett*, 2013-Ohio-3041.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                    :              C.A. CASE NO.   2012 CA 45

v.                                         :              T.C. NO.    12TRD2261

NEILL T. MULLETT                           :                 (Criminal appeal from
                                        Municipal Court)
    Defendant-Appellant                   :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the \_\_\_\_12th\_\_\_\_ day of \_\_\_\_\_July\_\_\_ , 2013.

. . . . . . . . . .

GIL S. WEITHMAN, Atty. Reg. No. 0018377 and BREANNE N. PARCELS, Atty. Reg. No. 0089370, Champaign Municipal Prosecutor, 205 S. Main Street, Urbana, Ohio 43078
        Attorneys for Plaintiff-Appellee

HALLI BROWNFIELD WATSON, Atty. Reg. No. 0082466, The Greene Town Center, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**  Neill T. Mullett pled guilty in the Champaign County Municipal

Court to speeding (82/55).  The court accepted his guilty plea, found that he had recklessly

operated his vehicle, and imposed a $150 fine, a six-month driver's license suspension, and court costs. The court indicated that it would suspend three months of the driver's license suspension if Mullett wrote a five-page paper on speeding and fatalities. Upon the filing of Mullett's notice of appeal, the trial court stayed Mullett's sentence.

{¶ 2} Mullett appeals from his conviction. He claims that the trial court erred in requiring him to personally appear in court to address his traffic ticket, that R.C. 4510.15 is unconstitutional, that the evidence did not support a finding of recklessness for purposes of R.C. 4510.15, and that his plea was not made knowingly, intelligently, and voluntarily.

{¶ 3} As discussed below, Mullett has waived any challenge to his personal appearance in the trial court by not raising that issue before the trial court. However, Mullett's plea was not given knowingly, intelligently, and voluntarily, because the record does not reflect that the trial court complied with Traf.R. 8(D) before calling upon defendant to plead. In light of that conclusion, we decline to address Mullett's additional arguments. The trial court's judgment will be reversed, and the case will be remanded for further proceedings.

### I. Requirement that Defendant Personally Appear in Court

{¶ 4} Mullett's first assignment of error states:

THE TRIAL COURT ERRED BY REQUIRING APPELLANT TO PERSONALLY APPEAR BEFORE IT IN CONTRAVENTION OF R.C. 2935.26 AND TRAF. R. 13 RESULTING IN THE DEPRIVATION OF APPELLANT'S RIGHT TO DISPOSE OF THIS TRAFFIC CITATION BY PAYING AN ESTABLISHED FINE AND COSTS WITHOUT ANY

APPEARANCE BEFORE THE TRIAL COURT AND IMPOSITION OF A

DRIVER'S LICENSE SUSPENSION.

{¶ 5}     In his first assignment of error, Mullett claims that the trial court erred in requiring to him to personally appear in court, rather than allowing him to pay his speeding ticket through the violations bureau.  Mullett relies on R.C. 2935.26, which addresses the procedures for issuing a citation for an individual who committed a minor misdemeanor, and Traf.R. 13.

{¶ 6}     When Mullett appeared for his arraignment (as required by the ticket), Mullett did not object to his personal appearance before the trial court and pled guilty. Accordingly, Mullett waived any challenge to his personal appearance, and we decline to address this issue in the first instance.

{¶ 7}     Mullett's first assignment of error is overruled.

## II.   Validity of Defendant's Guilty Plea

{¶ 8}     Mullett's fourth assignment of error states:

THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY

PLEA TO THE OFFENSE OF SPEEDING WITHOUT ENSURING THAT

APPELLANT UNDERSTOOD THE EFFECT OF HIS PLEA AND THE

MAXIMUM SENTENCE THAT MAY BE IMPOSED AGAINST HIM.

{¶ 9}     Mullett's fourth assignment of error argues that his guilty plea was not entered knowingly, intelligently, and voluntarily.

{¶ 10}   Mullett was charged with and found guilty of speeding, in violation of R.C.

4511.21(D)(1).[1] Therefore, the proceedings were governed by the Ohio Traffic Rules. Crim.R. 1(C); Traf.R. 1(A). A conviction for speeding in violation of R.C. 4511.21(D)(1) is a minor misdemeanor, for which the only criminal penalty is a fine not exceeding $150. R.C. 4511.21(P); R.C. 2929.28(A)(2)(v). Under Traf.R. 2(D), a "petty offense" is defined as "an offense for which the penalty prescribed by law includes confinement for six months or less"; speeding is a petty offense.

{¶ 11} Mullett entered a guilty plea during the course of his arraignment. Arraignments for speeding violations are governed by Traf.R. 8, which provides, in part:

**(B) Arraignment procedure**

Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant shall be given a copy of the complaint, or shall acknowledge receipt thereof, before being called upon to plead and may in open court waive the reading of the complaint.

* * *

**(D) Explanation of rights**

Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:

---

[1] R.C. 4511.21(D)(1) provides: "No person shall operate a motor vehicle * * * upon a street or highway as follows: (1) At a speed exceeding fifty-five miles per hour, except upon a freeway as provided in divisions (B)(13) and (14) of this section."

(1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

(2) That he has a right to bail as provided in Rule 4;

(3) That he need make no statement at any point in the proceeding; but any statement may be used against him;

(4) That he has, where such right exists, a right to jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23;

(5) That if he is convicted a record of his conviction will be sent to the Bureau of Motor Vehicles and become part of his driving record.

**(E) Joint arraignment**

If there are multiple defendants to be arraigned, the judge may advise, or cause them to be advised, of their rights by general announcement.

**{¶ 12}** The trial court's acceptance of Mullett's guilty plea at his arraignment was governed by Traf.R. 10(D), which provides:

In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement.

The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision.

Traf.R. 10(B), which defines "the effect of guilty or no contest pleas," provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." Traf.R. 10(B)(1).

{¶ 13} In *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, the Ohio Supreme Court clarified that in order to meet Traf.R. 10(D)'s requirement of "informing the defendant of the effect of the plea," the trial court need only inform the defendant of the information contained in Traf.R. 10(B). *Watkins*, *supra*; *see State v. Darden*, 2d Dist. Greene No. 2005 CA 109, 2006-Ohio-2908, ¶ 16. The Supreme Court stated that "[a] judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged." *Watkins* at ¶ 25. It held that, "in all cases, the judge must inform the defendant of the effect of his plea." *Id.* at ¶ 26. The Supreme Court observed that trial courts have additional requirements under Crim.R. 11 for felony cases and misdemeanor cases involving serious offenses. However, the *Watkins* court noted that there are no "constitutionally mandated informational requirements for defendants charged with misdemeanors," and thus "the protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." *Id.* at ¶ 28. The Supreme Court held that "where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)."[2] *Id.*

---

[2] We are conscious that these cases could be interpreted to mean that a

{¶ 14} When a guilty plea is accepted under Traf.R. 10, the trial court must proceed with sentencing under Crim.R. 32. Crim.R. 32(A) requires the trial court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

{¶ 15} The transcript of Mullett's arraignment reflects that Mullett first reviewed a video statement by the trial judge that explained Mullett's "rights." The State attached to its reply brief a copy of what it claims is the arraignment video, but neither the video nor a transcription of the video is part of the record on appeal. Accordingly, the record does not reflect whether the video recording fully informed Mullett of his rights, as required by Traf.R. 8(D), or of the effect of the plea of guilty, no contest, and not guilty.

{¶ 16} At the beginning of Mullett's arraignment before the trial judge, the trial court informed Mullett that he had been charged with speeding (82/55 mph), a minor misdemeanor. The court asked Mullett if he understood the charge and "his rights." Mullett responded affirmatively. Mullett then asked the court about the citing officer's absence from the courtroom. The trial court responded, "[D]idn't I explain on that video

---

trial court is not required to ensure that a defendant facing a petty misdemeanor offense enters his or her guilty or no contest plea knowingly, intelligently, and voluntarily. In addition, there is no apparent requirement that such a defendant be informed of the potential penalties that he or she faces. *See State v. Klingsbergs*, 9th Dist. Wayne No. 10 CA 44, 2011-Ohio-6509, ¶ 9 ("We acknowledge that it is troubling that, when faced with entering pleas to first degree misdemeanors [that are petty offenses], the trial court's obligation is limited to merely informing the defendant of the effect of the plea."). However, the Ohio Supreme Court has spoken on this issue and held that, with petty misdemeanor offenses, the court must simply notify the defendant the effect of his plea, as defined in Traf.R. 10(B) and Crim.R. 11(B). *Watkins* at ¶ 28; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25; *see also Klingsbergs* at ¶ 9; *Parma v. Benedict*, 8th Dist. Cuyahoga No. 98947, 2013-Ohio-1990.

that this is for the purpose of addressing bond and addressing an attorney and addressing what plea you wish to answer?" The court asked Mullett if he needed to view the video again; Mullett stated that he did not.

{¶ 17} The arraignment then proceeded as follows:

THE COURT: Okay. Do you understand the charge that you're charged with?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you understand your rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you prepared to enter a plea at this time?

THE DEFENDANT: Yes.

THE COURT: What plea would you like to enter?

THE DEFENDANT: Guilty.

THE COURT: Do you understand that a guilty plea is an admission of your guilt?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the maximum penalty could be up to a $150 fine, and costs if found to reckless at that speed – it probably will be – up to a one year license suspension.

THE DEFENDANT: Yes.

THE COURT: Do you understand by entering a guilty plea you're giving up your right to an attorney?

THE DEFENDANT: Yes.

THE COURT: Do you understand you're giving up your right to a trial?

THE DEFENDANT: Yes.

THE COURT: You're giving up your right to remain silent?

THE DEFENDANT: Yes.

THE COURT: You're giving up your right to make the State prove you guilty beyond a reasonable doubt?

THE DEFENDANT: Yes.

THE COURT: You're giving up your right to face people that accuse you of the offense and cross-examine them?

THE DEFENDANT: Yes.

THE COURT: And you're giving up your right to compel witnesses['] attendance and have them testify on your behalf?

THE DEFENDANT: Yes.

THE COURT: Are you making this plea knowingly, voluntarily and intelligently?

THE DEFENDANT: I think so.

THE COURT: Have any threats or promises been made to get you to enter into this plea?

THE DEFENDANT: No.

THE COURT: All right. And statement?

CLERK LAFRAY: Your Honor, if it pleases the Court, on November 11th at 2:42 hours in the afternoon, Deputy Vernon was on patrol traveling

northbound in the 4,000 block of U.S. 68. He observed a vehicle traveling southbound in the wrong lane of travel that appeared to be traveling faster than the posted speed limit of 55 miles per hour.

Unit activated his radar and clocked the vehicle at 82 miles per hour. Unit Initiated traffic stop of the vehicle. The driver Neill T. Mullet [sic]. When the driver was asked if he was aware of his speed, he stated yes, he had been attempting to pass another vehicle.

There was proof of insurance shown on the day of the stop. It was two lanes, dry, cloudy visibility, no adverse weather, heavy traffic in a rural area. Has one prior speed May of 2001.

THE COURT: Okay. I would find that you're guilty. I would also find that given it's two lanes, you're in the wrong lane, there is traffic and it's in a rural area, I'm going to find that it's reckless.

The trial court provided Mullett an opportunity to speak before the court imposed sentence, but Mullett declined.

{¶ 18} The transcript indicates that, after Mullett expressed that he "would like to enter" a guilty plea, the trial court engaged in a colloquy about the rights that Mullett was waiving by entering his guilty plea. The trial court expressly asked Mullett if he understood that a plea of guilty is a complete admission of guilt, and Mullett answered affirmatively. In addition, the trial court informed Mullett of the possible penalties he faced – including the driver's license suspension – and Mullett expressed that he understood. Commendably, the trial court's colloquy went beyond what was necessary under Traf.R. 10(D) for accepting Mullett's guilty plea.

{¶ 19} Nevertheless, the record does not demonstrate that the trial court caused Mullett to be informed of his rights under Traf.R. 8(D) and determined that Mullet knew and understood those rights before calling on him to plead at his arraignment. The trial court was permitted to inform Mullett of those rights by general announcement, including by means of a video recording, but a copy of that video recording was not properly made part of the record. Mullett's acknowledgment that he saw the video and his statement that he did not need to see it again do not establish that the trial court's video complied with Traf.R. 8(D). And, even assuming, for sake of argument, that the trial court's plea colloquy could cure this defect, the court's questioning of Mullett before accepting his plea did not address all of the "rights" stated in Traf.R. 8(D), including that a record of the conviction would be sent to the BMV and become part of his driving record.

{¶ 20} Given the record before us, we cannot conclude that Mullett was fully informed of his rights, as required by Traf.R. 8(D), before entering his guilty plea. Mullett's fourth assignment of error is sustained.

### III. Constitutionality of R.C. 4511.10 and Finding of Recklessness

{¶ 21} Mullett's second and third assignments of error read:

THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS BY INVOKING R.C. 4510.15, WITHOUT NOTICE OR AN OPPORTUNITY TO BE HEARD, TO FIND APPELLANT RECKLESS AND IMPOSE A SIX-MONTH DRIVER'S LICENSE SUSPENSION AFTER APPELLANT ENTERED A GUILTY PLEA TO THE CHARGED OFFENSE OF SPEEDING, WHICH DOES NOT ENCOMPASS A FINDING OF

RECKLESSNESS.

ASSUMING ARGUENDO THAT R.C. 4510.15 WAS CONSTITUTIONALLY APPLIED AND THAT APPELLANT WAS PROPERLY BEFORE THE TRIAL COURT, THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT'S CONDUCT RECKLESS AND SUSPENDING HIS DRIVER'S LICENSE IN THE ABSENCE OF ANY EVIDENCE THAT APPELLANT POSED A THREAT TO OTHERS

{¶ 22} In his second assignment of error, Mullett claims that the trial court's use of R.C. 4510.15 to impose a driver's license suspension was unconstitutional, because he had no prior notice that his conduct would be deemed reckless and the trial court had no authority to make an additional finding not implicated by the charged offense. Mullett argues that the court found "recklessness" as a sentencing factor, in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. Mullett's third assignment of error asserts that, even if R.C. 4510.15 were constitutional, the trial court abused its discretion when it found that he had driven recklessly.

{¶ 23} In light of our disposition of Mullett's fourth assignment of error, his second and third assignments of error are overruled as moot.

## V. Conclusion

{¶ 24} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings..

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

**[Cite as *State v. Mullett*, 2013-Ohio-3041.]**
Copies mailed to:

Gil S. Weithman
Breanne N. Parcels
Halli Brownfield Watson
Hon. Susan J. Fornof-Lippencott