[Cite as *State v. Young*, 2013-Ohio-5061.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                         :

    Plaintiff-Appellee              :          C.A. CASE NO.    25680

v.                                    :          T.C. NO.    08CR4839

RODNEY T. YOUNG                       :          (Criminal appeal from
                                                 Common Pleas Court)

    Defendant-Appellant            :

                                      :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the    15th    day of     November    , 2013.

        . . . . . . . . . .

MATTHEW T. CRAWFORD, Atty. Reg. No. 0089205, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

RODNEY T. YOUNG, #616224, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
      Defendant-Appellant

        . . . . . . . . . .

FROELICH, J.

    **{¶ 1}**  Rodney T. Young appeals from a judgment of the Montgomery

County Court of Common Pleas, which denied his "motion to vacate improperly imposed court costs." For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In 2008, a jury found Young guilty of murder, twelve counts of felonious assault, carrying a concealed weapon, and illegal possession of a firearm in a liquor permit premises; fourteen of the fifteen counts included a firearm specification. The court also found Young guilty of two counts of having a weapon while under disability. The court merged six of the felonious assault counts and numerous firearm specifications, and sentenced Young to an aggregate term of 89 years to life in prison. In its judgment entry, the trial court did not impose any fines, but it ordered Young to pay court costs.

{¶ 3} Young appealed from his convictions, claiming that the trial court failed to merge allied offenses of similar import and should have merged additional firearm specifications. We affirmed in part and reversed in part, and remanded the matter to the trial court for further proceedings. *State v. Young*, 2d Dist. Montgomery No. 23642, 2011-Ohio-747.

{¶ 4} Young was resentenced in March 2011. The trial court imposed an aggregate sentence of 63 years to life in prison. The trial court's judgment entry again required Young to pay court costs. Young did not appeal from this judgment.

{¶ 5} In May 2011, Young filed an application to reopen his direct appeal, which we denied. None of the bases for his application concerned the imposition of court costs.

{¶ 6} On February 11, 2013, Young filed a "motion to vacate unlawfully imposed court costs." Young argued that the trial court did not notify him at his September 2009 sentencing hearing that he would be required to pay court costs. Young asked the court to

issue a nunc pro tunc entry, removing the requirement that he pay court costs. On February 15, 2013, the trial court denied the motion, noting that no fines had been imposed and that it was "without jurisdiction to sustain Defendant's motion as to Court Costs."

{¶ 7} Young appeals from the denial of his motion. He raises one assignment of error, which states: "The trial court erred by imposing court costs in Appellant's judgment entry without imposing them at the sentencing hearing."

{¶ 8} On appeal, Young argues that the trial court did not orally impose court costs at the September 2009 sentencing hearing and that he was thereby denied an opportunity to object to the imposition of court costs. Young asks that we order the trial court to vacate the imposition of court costs or to allow him an opportunity to contest the court costs. Young relies on *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

{¶ 9} Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. The Ohio Supreme Court has made clear that the trial court must orally notify a defendant at sentencing that the court is imposing court costs. *Joseph* at ¶ 22, citing Crim.R. 43(A). A trial court may waive the payment of costs, but an indigent defendant must move for such waiver at sentencing. *Joseph* at ¶ 11-12.

{¶ 10} When the trial court fails to impose court costs at sentencing, a defendant does not waive for appeal any challenge to the court's imposition of court costs in the sentencing entry. *See State v. Lewis*, 2d Dist. Montgomery No. 25225, 2013-Ohio-1581, ¶ 13; *Joseph* at ¶ 22. The trial court's failure "is not harmless because it deprives the

defendant of an opportunity to contest the imposition of court costs." *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 15 (2d Dist.). "Under such circumstances, principles of waiver and res judicata do not apply." *Id.*

**{¶ 11}** Even assuming, arguendo, that the trial court failed to orally notify Young at the 2009 sentencing hearing that it was going to impose court costs,[1] Young's claim is nevertheless barred by res judicata. Young filed a direct appeal from the 2009 judgment entry, but he failed to raise any assignment of error concerning the court's imposition of court costs. Young sought to reopen his direct appeal, but he again did not raise the trial court's failure to properly impose court costs.

**{¶ 12}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Because Young failed to challenge the court's imposition of court costs in his direct appeal, res judicata bars that claim.

---

[1] Young attached a transcript of his September 3, 2009 sentencing hearing to his appellate brief. That transcript reflects that the trial court did not notify Young that he would be required to pay court costs. However, the transcript was not made part of the record on appeal. Accordingly, we cannot say, based on the record, that the trial court failed to notify Young at sentencing that he would be required to pay court costs. *See State v. Mullett*, 2013-Ohio-3041, 995 N.E.2d 924, ¶ 15 (2d Dist.) (video attached to the State's reply appellate brief was not part of the record on appeal).

**{¶ 13}**   Young's assignment of error is overruled.

**{¶ 14}**   The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Matthew T. Crawford
Rodney T. Young
Hon. Mary L. Wiseman