[Cite as *State v. Staples*, 2014-Ohio-2556.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    2013-CA-52 |
| | : | |
| v. | : | Trial Court Case No.   2012-CR-270 |
| | : | |
| JAMES P. STAPLES | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Common Pleas Court) |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 13th day of June, 2014.

· · · · · · · · · ·

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Greene County Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JAMES P. STAPLES, Inmate No. 668-098, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe , Ohio 45601
        Defendant-Appellant-Pro Se

· · · · · · · · · · · ·

WELBAUM, J.

{¶ 1}    Defendant-appellant, James P. Staples, appeals pro se from the decision of

the Greene County Court of Common Pleas denying his three petitions for postconviction relief following his conviction for four counts of rape. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 13, 2012, Staples was indicted in Case No. 2012 CR 0016 on eight counts of rape, as well as eight counts of gross sexual imposition. The charges arose from allegations of Staples performing oral sex on two minor boys between January 2006 and December 2011. One of the boys was nine years old when the abuse was discovered; the age of the second boy is not in the record. In addition to performing multiple acts of oral sex, Staples also allowed the nine-year-old boy to touch his penis.

{¶ 3} Staples initially pled not guilty to all the counts; however, Staples later changed his plea to not guilty by reason of insanity. Staples then filed a motion to determine his competency to stand trial and was ordered to undergo a psychological evaluation. Following this evaluation, and based on the information contained in his psychological report, the trial court concluded that Staples was competent to stand trial.

{¶ 4} After the competency determination, a plea agreement was reached, wherein Staples agreed to plead guilty to four counts of rape in violation of R.C. 2907.02(A)(1)(b), all first degree felonies. In exchange for Staples's guilty plea, the State dismissed the indictment in Case No. 2012 CR 0016, and filed a bill of information in Case No. 2012 CR 0270 charging Staples with the agreed-upon rape counts. Staples then waived his right to have the case presented to a grand jury and pled guilty to all four counts. After Staples pled guilty, the trial court ordered him to undergo a probation and risk of sexual re-offense evaluation.

{¶ 5} On August 31, 2012, the trial court sentenced Staples to ten years in prison for each of the first three rape counts, and nine years in prison for the fourth. The sentences were ordered to run consecutively for a total prison term of 39 years. Staples did not appeal from his conviction or sentence.

{¶ 6} Several months later, on June 19, 2013, Staples filed a motion to differentiate the multiple rape charges. In the motion, Staples argued that the bill of information charging him with the four rape counts violated his rights to due process and protection from double jeopardy, because each charge was described using identical language. In addition, Staples argued that his trial counsel was ineffective in failing to file a pretrial motion objecting to the alleged defective bill of information. Staples also questioned the accuracy of his psychological evaluation, claiming that he suffers from a mental disorder due to a traumatic childhood involving sexual abuse, and from taking medications for various physical and emotional ailments as an adult. As a result of his alleged mental issues, Staples claimed that he "may" not have made his guilty plea, knowingly, intelligently, and voluntarily.

{¶ 7} The same day he filed the motion to differentiate, Staples also filed a motion for findings of fact and conclusions of law. In that motion, Staples merely requested the trial court to issue findings of facts and conclusions of law on the arguments raised in his motion to differentiate. A month later, on July 15, 2013, Staples filed a motion for default judgment arguing that he was entitled to judgment on the motion to differentiate given that the State failed to file a response.

{¶ 8} On August 22, 2013, the trial court denied all three of Staples's motions. In so holding, the court found that it lacked jurisdiction to rule on Staples's motion to differentiate and motion for findings of fact and conclusions of law given their untimeliness, and that his motion

for default judgment was moot. Staples now appeals from the trial court's decision denying his three postconviction motions, raising five assignments of error.

**Assignment of Error No. I**

{¶ 9} Staples's First Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CLAIMED THAT IT LACKED THE JURISDICTION TO HEAR THE THREE MOTIONS THAT MR. STAPLES FILED WITH IT, WHICH IS A DIRECT VIOLATION OF MR. STAPLES['S] DUE PROCESS AND EQUAL PROTECTION RIGHTS, PURSUANT TO SECTION 2, 16, ARTICLE I, OF THE OHIO CONSTITUTION; AND THE FIFTH AND FOURTEENTH AMENDMENTS, OF THE UNITED STATES CONSTITUTION.

{¶ 10} Under his First Assignment of Error, Staples argues that the trial court erred in denying his motion to differentiate, motion for findings of fact and conclusions of law, and motion for default judgment for lack of jurisdiction. In support of this claim, Staples argues that his constitutional rights to due process and equal protection under the law were violated.

{¶ 11} While Staples's three motions are not denominated as petitions for postconviction relief under R.C. 2953.21, we will address them as such in our opinion. It is well established that " '[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. (Other citations omitted.)

{¶ 12} Petitions for postconviction relief are governed by R.C. 2953.21(A)(1)(a), which provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 13} R.C. 2953.21 also sets forth certain time constraints for filing petitions for postconviction relief. Pursuant to section (A)(2) of the statute, if a defendant does not directly appeal his judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). "The trial court lacks jurisdiction to consider an untimely petition for postconviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1)." *State v. Buennagel*, 2d Dist. Greene No. 2010 CA 74, 2011-Ohio-3413, ¶ 25, citing *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7. Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for postconviction relief if: (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim; or (2) the United States Supreme Court recognizes a new right that applies retroactively to his situation. *Id.* " 'The phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through

reasonable diligence.' " *Id.*, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. The defendant must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} In this case, Staples was convicted and sentenced on August 31, 2012; therefore, according to App.R. 4(A), he had until September 30, 2012 to file a direct appeal from his conviction. Since Staples failed to file a direct appeal, he had 180 days from September 30, 2012 to file a petition for postconviction relief, which gave him until March 29, 2013 to do so. Staples, however, did not file any of his postconviction motions prior to the March 29, 2013 deadline. Rather, Staples's motions were filed well after the deadline on June 19, 2013 and July 15, 2013. Therefore, Staples's motions were clearly untimely.

{¶ 15} Furthermore, we find that Staples was not unavoidably prevented from discovering the facts underlying the claims in his motions, and he did not argue as much in his appellate brief. As noted above, Staples's motions all centered around the following three claims: (1) the bill of information contained defective language; (2) his counsel provided ineffective assistance in failing to object to the alleged defective bill; and (3) his psychological evaluation was inaccurate, thus rendering his guilty plea invalid. Staples, however, was aware of all the facts underlying the foregoing claims during his plea and sentencing hearings.

{¶ 16} For example, the record clearly establishes that Staples knew of the charges in the bill of information, because he testified at the plea hearing that he and his trial counsel discussed the nature of the charges against him and that he understood the charges to which he was pleading guilty. Plea Hearing Trans. (June 13, 2013), p. 6, ln. 21; p. 7, ln. 1-10. His trial

counsel also testified that he reviewed the bill of information with Staples. *Id*. at p. 10, ln. 20-25; p. 11, ln. 1-7. In addition, Staples was well aware that his trial counsel had not raised any objection to the bill of information, as Staples was present at the plea and sentencing hearings when no such objection was mentioned or raised. Staples also knew of the trial court's findings related to his competency to stand trial, and yet he raised no objections to the psychological evaluation on which the court based its findings. Furthermore, before this case was even filed, Staples was surely aware of the personal circumstances on which he based his alleged mental disorder, as they concerned his own childhood and his past physical and emotional ailments.

{¶ 17} For the foregoing reasons, it is clear that Staples was not unavoidably prevented from discovering the facts underlying the claims in his motions. Moreover, the United States Supreme Court has not recognized a new right that applies retroactively to Staples's situation. As a result, the exception for allowing an untimely petition for postconviction relief in R.C. 2953.23(A)(1) does not apply here. Accordingly, we find that the trial court lacked jurisdiction to rule on Staples's three motions due to their untimeliness, and that the court correctly denied the motions on that basis.

{¶ 18} Staples's First Assignment of Error is overruled.

**Assignment of Error Nos. II and IV**

{¶ 19} For purposes of convenience, we will address Staples's Second and Fourth Assignments of Error together. They are as follows:

II. THE PROSECUTION COMMITTED PROSECUTORIAL MISCONDUCT WHEN IT REQUESTED MR. STAPLES TO PLEAD GUILTY

TO A MULTIPLICITOUS [sic] BILL OF INFORMATION WHICH HAD ABSOLUTELY NO DIFFERENTIATION AMONG THE FOUR CHARGES THAT MR. STAPLES PLEAD GUILTY TOO, [sic] WHICH IS A DIRECT VIOLATION OF MR. STAPLES['S] DUE PROCESS RIGHTS, HIS EQUAL PROTECTION RIGHTS, HIS DOUBLE JEOPARDY RIGHTS, AND HIS RIGHT TO BE INFORMED OF THE NATURE OF THE CHARGES, PURSUANT TO SECTION 2, 10, 16, ARTICLE I, OF THE OHIO CONSTITUTION; AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS, OF THE UNITED STATES CONSTITUTION.

IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONVICTED MR. STAPLES WITHOUT RENDERING THE PROPER DETERMINATION ON WHETHER THE UNDIFFERENTIATED CHARGES THAT MR. STAPLES PLED GUILTY TOO, [sic] ARE ALLIED OFFENSES PURSUANT TO O.R.C. §2941.25(A), WHICH IS A DIRECT VIOLATION OF MR. STAPLES['S] DUE PROCESS AND EQUAL PROTECTION RIGHTS, PURSUANT TO SECTION 2, 16, ARTICLE I, OF THE OHIO CONSTITUTION; AND THE FIFTH AND FOURTEENTH AMENDMENTS, OF THE UNITED STATES CONSTITUTION.

{¶ 20} Under his Second Assignment of Error, Staples argues that the State committed prosecutorial misconduct when it prosecuted him under an alleged defective bill of information. In his Fourth Assignment of Error, Staples argues that his four rape convictions are allied

offenses of similar import and that the trial court erred in failing to merge them at sentencing. Staples did not raise either of these arguments before the trial court in his postconviction motions.

{¶ 21} Generally, an argument may not be raised for the first time on appeal. *State v. Wilson*, 2d Dist. Montgomery No. 22001, 2007-Ohio-6581, ¶ 12, citing *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992). However, a defendant waives all but plain error if he fails to raise the issue of allied offenses before the trial court. *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 52, citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus. (Other citation omitted.) In *State v. Wright,* 2d Dist. Montgomery No. 24276, 2011-Ohio-4874, ¶ 55, we recognized that imposing multiple sentences for allied offenses of similar import constitutes plain error.

{¶ 22} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, ¶ 44. In *Johnson*, the Supreme Court of Ohio set forth a two-part framework for determining whether offenses should merge. The first consideration "is whether it is possible to commit one offense *and* commit the other with the same conduct * * *." (Citation omitted.) *Johnson* at ¶ 48. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50. "If the answer to both questions is yes, then the offenses are allied offenses of similar

import and will be merged." *Id*. at ¶ 50.

**{¶ 23}** In this case, Staples's PSI report states that he admitted to performing oral sex on the nine-year-old boy four times, while performing oral sex on the other boy once. These were separate acts committed between 2006 and 2011. Because Staples's rape offenses did not arise from a single act, his offenses are not allied offenses and are not subject to merger. Accordingly, the trial court did not err in failing to merge the offenses.

**{¶ 24}** Even if the trial court had committed plain error in failing to merge Staples's offenses, the final outcome of the proceedings would not have been any different given our resolution of the First Assignment of Error–that Staples's motions were untimely and the trial court lacked jurisdiction to rule on them. This determination is dispositive of both the allied offense and prosecutorial misconduct arguments. Moreover, in addition to untimeliness, we also find that these arguments are barred from appellate review under the doctrine of res judicata given that they could have been raised on direct appeal. *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10 (when an appellant does not raise the issue of merging allied offenses in a timely direct appeal, the challenge is barred by the doctrine of res judicata); *State v. Brooks*, 6th Dist. Lucas Nos. L-10-1258, L-10-1259, 2011-Ohio-5303, ¶ 17 (a claim of prosecutorial misconduct arising from the State maintaining its prosecution under a defective indictment could have been raised on direct appeal; therefore, res judicata bars consideration of this claim on appeal).

**{¶ 25}** For the foregoing reasons, Staples's Second and Fourth Assignments of Error are overruled.

## Assignment of Error Nos. III and V

{¶ 26} For purposes of convenience, we will also address Staples's Third and Fifth Assignments of Error together. They are as follows.

III. MR. STAPLES['S] RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HAS BEEN VIOLATED WITH REGARDS TO HIS TRIAL COUNSELOR[']S PERFORMANCE BEFORE, DURING AND AFTER HE ADVISED MR. STAPLES TO ACCEPT THE PROSECUTION[']S PLEA OFFER, WHICH IS A DIRECT VIOLATION OF SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION; AND THE SIXTH AMENDMENT, OF THE UNITED STATES CONSTITUTION.

V. MR. STAPLES[']S DUE PROCESS AND EQUAL PROTECTION RIGHTS PURSUANT TO SECTION 2, 16, ARTICLE I, OF THE OHIO CONSTITUTION, AND THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WERE VIOLATED, BECAUSE THE FORENSIC EVALUATIONS THAT WERE CONDUCTED ON MR. STAPLES BY THE EXAMINER AT THE FORENSIC PSYCHIATRY CENTER FOR WESTERN, OHIO, IN DAYTON, OHIO PURSUANT TO O.R.C. §2945.371(G)(3) AND (G)(4), RESULTED IN TWO ERRONEOUS EVALUATIONS.

{¶ 27} Under his Third Assignment of Error, Staples argues that his trial counsel was ineffective in: (1) failing to file a pretrial motion objecting to the allegedly defective bill of information; (2) failing to timely provide him with his case file; and (3) failing to advise him of

the information in his discovery packet and not reviewing the discovery with him. In his Fifth Assignment of Error, Staples argues that his psychological evaluation was erroneous, as he claims that he suffers from a mental disorder due to a traumatic childhood, and from taking medications for various physical and emotional ailments. As a result of his alleged mental issues, Staples claims that he "may" not have made a voluntary, knowing, and intelligent guilty plea.

{¶ 28} Staples's arguments concerning his guilty plea and the alleged inaccuracy of his psychological evaluation are barred by the doctrine of res judicata since those arguments could have been raised in a direct appeal. *State v. Young*, 2d Dist. Montgomery No. 25680, 2013-Ohio-5061, ¶ 12, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Staples, however, did not file a direct appeal from his conviction; therefore, the doctrine of res judicata does not bar his ineffective assistance claim. *See State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983). "An exception to the res judicata bar applies where no direct appeal was taken or, if an appeal was taken, the claim of incompetent counsel was not raised and adjudicated on direct appeal." *State v. Cline*, 2d Dist. Champaign No. 08CA21, 2009-Ohio-7041, ¶ 13. "Under those circumstances, res judicata will not bar the adjudication of an incompetent counsel claim in post-conviction proceedings." *Id.*, citing *Cooperrider* at 228.

{¶ 29} Nevertheless, even though Staples's ineffective assistance claim is not barred by res judicata, our resolution of Staples's First Assignment of Error is also dispositive here, as Staples's motions were untimely filed, thereby divesting the trial court of jurisdiction to consider them. *See, e.g., State v. Reese,* 2d Dist. Montgomery No. 23410, 2009-Ohio-5874, ¶ 12-13. Again, the record is clear that Staples was not unavoidably prevented from discovering the facts

underlying these claims, nor has the United States Supreme Court recognized a new right that applies retroactively to Staples's situation. Therefore, Staples's motions were properly denied by the trial court due to their untimeliness.

{¶ 30} For the foregoing reasons, Staples's Third and Fifth Assignments of Error are overruled.


**Conclusion**

{¶ 31} Having overruled Staples's five assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


FROELICH, P.J., and HALL, J., concur.


Copies mailed to:

Stephanie R. Hayden
James P. Staples
Hon. Stephen Wolaver