OPINION
{¶ 1} Lisa Craaybeek appeals from her conviction in the Fairborn Municipal Court of driving while under suspension pursuant to her guilty plea. The trial court sentenced Craaybeek to serve 180 days in jail with 90 days suspended. The trial court stayed her sentence pending this appeal.
 {¶ 2} In her first assignment, Craaybeek contends her conviction should be set aside because the trial court failed to tell her that her guilty plea was a complete admission of her guilt as required by Traf. R. 10(D).
 {¶ 3} The following occurred in open court:
 {¶ 4} "THE COURT: I understand Ms. Craaybeek is going to be changing her plea this morning to the Driving Under Suspension. It is a first degree misdemeanor. It does carry up to 6 months in jail, up to a $1,000 fine. In return for a plea to the Driving Under Suspension, the Speed would be dismissed at cost. With that, how is Ms. Craaybeek going to plead?
 {¶ 5} "MR. SLYMAN: Guilty.
 {¶ 6} "THE COURT: Are you indeed pleading guilty to Driving Under Suspension?
 {¶ 7} "THE DEFENDANT: Yes ma'am.
 {¶ 8} "THE COURT: Are you doing that voluntarily?
 {¶ 9} "THE DEFENDANT: Yes.
 {¶ 10} "THE COURT: Are you doing it because you're guilty?
 {¶ 11} "THE DEFENDANT: Yes.
 {¶ 12} "THE COURT: I accept your guilty plea as being knowingly and voluntarily made. Make a finding of guilty. Dismiss at cost the Speed. Tr. at 2, 3.
 {¶ 13} Traf. R. 10(D) provides that in misdemeanor cases involving petty offenses, except these processed in traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of his plea of guilty, no contest, and not guilty. The "effect" of a guilty plea is defined in Traf. R. 10(D) as a complete admission of guilt.
 {¶ 14} Recently the Ohio Supreme Court held that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. State v. Griggs, 103 Ohio St.3d 85, 87, 2004-Ohio-4415. Justice O'Connor wrote as follows:
 {¶ 15} "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. State v. Nero,56 Ohio St.3d at 107, 564 N.E.2d 474. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108,564 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding Grigg's plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt."
 {¶ 16} The court noted that the record demonstrated that Griggs understood that by entering his guilty plea, he admitted committing voluntary manslaughter and burglary. In this matter, the court asked Ms. Craaybeek if she was pleading guilty because she was guilty, and she answered in the affirmative. She never asserted that she was actually innocent and the circumstances surrounding her driving under suspension were described by her counsel in her presence. We find there was substantial compliance with Traf.R. 10(D). The assignment of error is overruled.
 {¶ 17} In her second assignment, Craaybeek contends the trial court abused its discretion in imposing the 180 day sentence upon her without considering the factors set forth in R.C. 2929.22(A).
 {¶ 18} In imposing sentence upon Craaybeek the trial court stated:
 {¶ 19} "THE COURT: I know Judge Liston. I respect Judge Liston. I don't disagree with Judge Liston. However, there comes a point in time where you just don't know what it is you are supposed to rehabilitate somebody for. This is Ms. Craaybeek's 9th conviction for Driving Under Suspension since 2001. It is her 7th since 2003. And it is only now just barely into 2004. I do not understand Ms. Craaybeek, why you are doing it. I don't much care why you are doing it. To be a designated driver when you know darn well that you can't even be out driving, that is just foolish. I am fining you $250 plus court costs. I'm sentencing you to 180 days in jail, no good time. I'm suspending 90 of those days on condition you not drive unless you are valid and insured. That leaves 90 days in jail to do. I'll give you a report date for April 27 at the Greene County jail." Tr. 6-7.
 {¶ 20} The statutory factors are actually set forth in R.C.2929.22(B)(1), which reads, in pertinent part, as follows:
 {¶ 21} "In determining the appropriate sentence for a misdemeanor, this court shall consider all the following factors:
 {¶ 22} "(a) The nature and circumstances of the offense or offenses;
 {¶ 23} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history ofpersistent criminal activity and that the offender's character andcondition reveal a substantial risk that the offender will commit anotheroffense;
 {¶ 24} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 25} "(d) Whether the victim's youth, age, disability or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 26} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in division (B)(1)(b) and (c) of this section.
 {¶ 27} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section2929.21 of the Revised Code." (Emphasis added).
 {¶ 28} R.C. 2929.22(C) further provides that:
 {¶ 29} "Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections2929.25, 2929.26, 2929.27 and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 30} Craaybeek contends she was not convicted eight times of driving under suspension prior to the instant offense. She did not dispute the trial court's statement of her record. She admitted to a recent driving while under suspension offense in the City of Kettering, Ohio for which she served 10 days in jail. Craaybeek asks us to consider a certified copy of her driving record provided by the Ohio Bureau of Motor Vehicles. She does not inform us of the precise number of her prior convictions and the driving record she provides in the appendix of her brief is difficult to decipher. In any event, she was convicted of a number of driving while under suspension violations. The trial court did suspend one half of the 180 day sentence. We do not find any abuse of discretion in the trial court's sentence. She certainly demonstrated a history of persistent criminal activity and the court could reasonably conclude the sentence imposed would deter her from future violations. The second assignment of error is overruled.
 {¶ 31} The judgment of the trial court is Affirmed.
FAIN, J., concur.