OPINION
{¶ 1} Timothy Dunnier appeals from his conviction in the Montgomery County Common Pleas Court of four counts of gross sexual imposition pursuant to his guilty pleas. Dunnier was sentenced to ten (10) years in prison. Dunnier has timely appealed, and he raises one assignment of error. *Page 2 
 {¶ 2} Dunnier contends the trial court failed to comply with Crim.R. 11 and North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162, since he maintained he was innocent of the charges alleged in the indictment. About a week before trial, Dunnier appeared in open court with his appointed counsel so that Dunnier could enter anAlford plea to the charges in the indictment. The state represented that one of the alleged victims was actually the victim of sexual conduct and was under the age of ten and Dunnier faced life imprisonment for rape if the State presented the case again to the grand jury. The prosecution informed the court if Dunnier entered guilty pleas to the four counts of gross sexual imposition, the State would not go forward with securing a new indictment. When the defendant requested more time to consult with counsel, the court continued the matter until the next day.
 {¶ 3} The next day when the court reconvened, Dunnier informed the court he wished to enter Alford pleas to the charges only because he faced life imprisonment if he did not. (Tr. at 14 and 15.) The following occurred in open court on pages 16 through 18 of the record:
 {¶ 4} "THE COURT: All right. Now, understand that by virtue of this plea, you are claiming that you are actually innocent, that you are not guilty of these charges. But once again, you are making the decision to enter a plea of guilty, a so-called Alford plea, so that the issues that have been presented to the grand jury will not be reported out of the grand jury; is that correct?
 {¶ 5} "THE DEFENDANT: Yes, Your Honor.
 {¶ 6} "THE COURT: And you also understand fully that if you went to trial on three *Page 3 
 {¶ 7} counts of rape and you were convicted of any of those counts, you would then be facing life in prison?
 {¶ 8} "THE DEFENDANT: Yes, Your Honor.
 {¶ 9} "THE COURT: And that I would have no ability to sentence you to anything other than life in prison?
 {¶ 10} "THE DEFENDANT: Yes, Your Honor.
 {¶ 11} "THE COURT: All right. Mary, would you then discuss with Mr. Dunnier the nature of the four charges that he's actually pleading guilty to?
 {¶ 12} "MS. MONTGOMERY: Okay. Do you want me to go through those again?
 {¶ 13} "THE COURT: Probably just so the record is as clear as it can be about those issues.
 {¶ 14} "MS MONTGOMERY: Sure, exactly. All four counts read exactly the same. All four counts involve gross sexual imposition. And the first three counts are between June 1st of 2005 and October 31st of 2005 and the State alleges they occurred here in Montgomery County and that Timothy Dunnier had sexual contact with another who was not his spouse and who was less than 13 years of age and did so for the purpose of sexually arousing or gratifying himself or the victim. And again, Counts I, II and III deal with ten-year-old — now ten-year-old [J. G.].
 {¶ 15} "And the last count between January 1st of 2005 and October 31st of 2005 involves then 12-year-old [C. L].
 {¶ 16} "THE COURT: All right. Now, Mr. Dunnier, I know that you are claiming factual innocence, but you understand that's the nature of the four charges that you are *Page 4 
pleading guilty to by way of an Alford plea; is that correct?
 {¶ 17} "THE DEFENDANT: Yes, Your Honor.
 {¶ 18} "THE COURT: All right. Now, what you must understand is that as it relates to each of these charges that you will be pleading guilty to, they are each a felony of the third degree. So, that means that in each case, you face a prison term of anywhere from one year to five years. Do you understand that, sir? In each case.
 {¶ 19} "THE DEFENDANT: Yes, sir.
 {¶ 20} "THE COURT: And that if a prison term is imposed, that that can — you could face up to — you could face up to 20 years in prison if I would sentence you in a consecutive fashion to each count? I'm not saying I'm going to do that. I just want to make sure that there's no misunderstanding about what the potential is here.
 {¶ 21} "THE DEFENDANT: Yes, Your Honor, I understand."
 {¶ 22} In a single assignment of error, Dunnier contends the trial court failed to comply with the procedural requirement for the acceptance of an Alford plea. Specifically, Dunnier argues that the State failed to proffer the evidence which it intended to present to prove his guilt under the indictment. The State argues that it provided a factual basis to warrant the court's acceptance of Dunnier's plea and that under Alford it need only present enough facts for the court to determine whether Dunnier was making an intelligent decision to plead guilty despite his protestations of innocence.
 {¶ 23} In the case of North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162, the United States Supreme Court held that a plea of guilty may be accepted by a trial court despite a defendant's protestations of innocence. The Alford *Page 5 
plea "permits a plea of guilty when the defendant nevertheless denies a necessary foundation of criminal liability,
 {¶ 24} either with respect to the truth of the act or omission charged or the degree of culpability which the offense requires." State v.Gossard, Montgomery App. No. 19494, 2003-Ohio-3770, at ¶ 7.
 {¶ 25} Interpreting and applying Alford, the Supreme Court of Ohio has held: "[W]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v.Piacella (1971), 27 Ohio St.2d 92, 56 O.O.2d 52, 271 N.E.2d 852, syllabus.
 {¶ 26} In the case where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court "must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." State v. Padgett
(1990), 67 Ohio App.3d 332, 338, 586 N.E.2d 1194. The accomplishment of this task requires a trial court at a minimum, to make an "inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to *Page 6 
warrant an intelligent decision to plead guilty." Id. at 338-39.
 {¶ 27} In State v. Gossard, supra, this court reversed the defendant's conviction for rape of a child under thirteen (13) pursuant to hisAlford plea. Judge Grady explained the essence of the Alford decision as follows:
 {¶ 28} "The defendant in Alford was charged with first-degree murder, a capital offense. The defendant entered a guilty plea to a reduced charge of murder in the second degree, which involved a lesser penalty. The record showed that defendant's attorney had interviewed the witnesses whom defendant claimed would substantiate his innocence, and each gave contradictory statements that strongly indicated his guilt. Defendant's attorney recommended the guilty plea to the lesser offense, but left the decision to defendant. Before defendant's guilty plea was accepted by the court, the court heard the sworn testimony of a police officer who summarized the State's case, plus the testimony of two other witnesses who stated that defendant had left home with his gun after stating that he intended to kill the victim and returned later, declaring that he had carried out the killing. Defendant took the stand, told his version of the events that contradicted the State's evidence, and stated `that he was pleading guilty because he faced the threat of the death penalty if he did not do so.' (27 L.Ed.2d 166). He also stated that he relied on his attorney's recommendation in making the decision to plead guilty. And, defendant filed a petition for post-conviction relief on which the trial court had conducted an evidentiary hearing, after which the trial court denied the petition on a finding that `the plea was "willingly, knowingly, and understandingly" made on the advice of competent counsel and in the face of a strong prosecution case.' Id. at 167. Based on these factors, the Alford court found that the defendant's guilty plea was valid. *Page 7 
 {¶ 29} "Here, in contrast, the record does not portray what, if anything, Gossard's counsel did to investigate the strength of the State's case. The record does not reflect that Gossard's attorney recommended the guilty plea. The court heard no sworn testimony concerning the evidence against Gossard, but instead relied on a summary of evidence the prosecutor presented, which represented to the court in general terms that Gossard had admitted his criminal conduct to investigating officers. Gossard never stated or explained what his motivation was for entering the Alford plea, instead giving only monosyllabic responses to the trial court's leading questions on the matter. The court conducted only a perfunctory hearing on Gossard's subsequent pro se motion to withdraw his plea, asking Defendant only if there was `anything you wish to add to the material that was contained in the Petition?' (T. 2) Defendant replied, simply; `No sir.' (T. 3).
 {¶ 30} "The proper taking of a guilty plea requires `a meaningful dialogue between the court and the defendant.' Garfield Heights v.Brewer (1980), 17 Ohio App.3d 218; State v. Bowling (March 10, 1987), Montgomery App. No. 9925. In Padgett, we explained that where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court `must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent.' Padgett, supra, at 338-39, 586 N.E.2d 1194. At a minimum, this requires an `inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty *Page 8 
is great enough to warrant an intelligent decision to plead guilty.'Id.
 {¶ 31} "The essence of an Alford plea is that a Defendant's decision to enter the plea against his protestations of factual innocence is clearly and unequivocally supported by evidence that he exercised that calculus for the purpose of avoiding some more onerous penalty that he risks by, instead, going to trial on the charges against him." 2003-Ohio-3770, at ¶ 9-12.
 {¶ 32} The Cuyahoga County Court of Appeals has also held that "in taking an Alford guilty plea, absent the presentation of some basic facts surrounding the charge, there [can] be no determination that the accused was making an intelligent and voluntary guilty plea." State v.Casale (1986), 34 Ohio App.3d 339, 340, 518 N.E.2d 579.
 {¶ 33} We agree with the Appellant that the State failed to proffer the evidence which it intended to present to prove his guilt under the indictment. The prosecution merely referred to the words of the indictment without proffering what the State's evidence would be in the case. In other words, the State provided no factual basis for its case against Dunnier from which the court could conclude Dunnier had rationally calculated it was in his interest to plead guilty to the indictment. Also, as in Gossard, the record does not portray what, if anything, Dunnier's counsel did to investigate the strength of the State's case. He did not indicate whether he interviewed the alleged victims or any other witnesses provided by the State. The record also does not reflect whether Dunnier's attorney recommended that Dunnier enter the guilty pleas. (Tr. Plea Hearing at 10.) In short, we agree that the trial court failed to comply with the constitutional standards for accepting Dunnier's Alford plea. The assignment of error is *Page 9 
Sustained. The Judgment of the trial court is Reversed and Remanded for further proceedings.
 GRADY and DONOVAN, JJ., concur. *Page 1