[Cite as *State v. Robinson*, 2018-Ohio-1427.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27280 |
| | : | |
| v. | : | T.C. NO. 2016-TRC-2221-A |
| | : | |
| DESTIN D. ROBINSON | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 13th day of April, 2018.

. . . . . . . . . .

JOE CLOUD, Atty. Reg. No. 40301, 3973 Dayton-Xenia Road, Dayton, Ohio 45432-2632
        Attorney for Plaintiff-Appellee


JOHN PINARD, Atty. Reg. No. 85567, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the September 13, 2016 Notice of Appeal of Destin D. Robinson.   Robinson appeals from his conviction and sentence, following a guilty plea, on an amended charge of having physical control of a vehicle while under the

influence ("physical control"), in violation of R.C. 4511.194(B)(1), a misdemeanor of the first degree. Counsel for Robinson originally filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, no meritorious issues existed for appeal. On August 8, 2017, this Court set aside counsel's *Anders* brief and appointed new counsel to act as Robinson's advocate on appeal, and appointed counsel's brief is now before us.

{¶ 2} The events giving rise to this matter began on March 11, 2016, when Robinson was stopped by the Ohio State Highway Patrol for an alleged traffic violation. Robinson was subsequently arrested for operating a vehicle under the influence, in violation of R.C. 4511.19(A)(1)(a). Robinson pled not guilty on March 18, 2016, and on May 4, 2016, he filed a motion to suppress. A hearing on the motion was scheduled for June 30, 2016. The Transcript of Docket Entries reflects that on June 20, 2016, Robinson withdrew his motion to suppress, although a written withdrawal is not in the record. The Transcript of Docket Entries reflects that a "Disposition" was set for August 16, 2016. On that date, Robinson pled guilty to the amended charge of physical control.

{¶ 3} The file before us contains correspondence, dated August 31, 2016, addressed to "The Honorable Judge Cynthia M. Heck." The correspondence bears a time stamp of September 9, 2016, although it is not reflected in the Transcript of Docket Entries. The correspondence provides as follows:

> Dear Judge Heck:
>
> I am writing to you to request a Motion to Withdrawal my plea in case
> # TRC160221A on 8/16/2016. Your Honor, I was totally confused and
> under complete duress. My attorney, Charles Rowland, was not up front

with me about several things prior to my plea before you: 1) when I met with him in his office to view the trooper's video, he told me that the video does not uphold the trooper's original report, and that I had done everything right and the trooper did not have legal grounds to stop me. He told me that he had never seen anything like this and not to worry that this was all about how far you're willing to take it, and that I would not owe him any additional fee. 2) He was not forth coming as to what the plea would entail. He told me that if I pled guilty, I would get my license back that same day with no other penalties, but if I went to trial, I would get a trial tax if I lost the case with additional jail time; and that I would lose my license for two years. He told me I had to make a decision right then because if I wanted to go to trial, the trial would be scheduled the following week. 3) He then asked me, are you going to pay me (after previously telling me I would not owe him) if we go to trial because nobody wants to work for free, and most attornies [sic] will not take on a case after a second pre-trial.

Your Honor, prior to the Hearing on August 16, 2016, I had a Motion to Suppress Hearing that was originally scheduled for June 30th 2016 at 9:45 am in which I was never granted admission into your courtroom. Mr. Rowland arrived roughly around 10 am. I was taken into room # 204 where my attorney said he had a deal for me to plead to. Nothing was explained other than "physical control." Mr. Rowland told me that the guy overseeing my case was a guy he used to work with who I now know to be Mr. David Caldwell. Mr. Rowland said that Mr. Caldwell agreed with us that I should

not have been stopped; and that there was nothing there, but he had to charge me with something because if not the officer would lose his arrest and that could signal to law enforcement that you're not willing to work with them; and that he counts on them to send him cases; I have been there as a prosecutor and it can be an uncomfortable position to be in. I told my attorney that I didn't agree with that and he said that's just the way it is. I asked Mr. Rowland how long I have to decide. He stated as long as you like.

Around July 6[,] 2016, I met & spoke with Mr. Rowland for the last time before the hearing on August 16, 2016. I asked Mr. Rowland how come I didn't have a standard Motion to Suppress like his office and website had described. Mr. Rowland responded saying why show them what we're up to before trial. I ask[ed] him if he could just talk to the judge about the case and what really happened. Mr. Rowland said she's not going to care what you have to say; the judge is not on your side.

Approximately a week later, I received a letter stating a Disposition Hearing was scheduled for August 16th, 2016. I mistakenly thought this "Disposition Hearing" was a Deposition Hearing. Upon arrival I was taken into room #204 where I felt railroaded, distraught, and even angered for reasons mentioned above and I was told that I had to make a decision at that moment. I never knew the extent of what I pled to until I got home and made an internet search. I later returned to the clerk's desk to ask questions about my records. That's when I was told that my original Motion

to Suppress Hearing had been withdrawn on June 30th 2016 which was news to me. Attorney Rowland never mentioned to me that he withdrew the original Motion to Suppress, and I never gave him permission to do so.

In summation Your Honor, I am humbly asking you to accept my Motion to Withdraw my Plea due to inadequate representation and the pressure I was experiencing to make a decision based on the information given to me. Additionally, I never gave permission to withdraw the original Motion to Suppress; and I was not admitted entry inside your courtroom on June 30, 2016.

{¶ 4} On August 16, 2016, the trial court journalized Robinson's guilty plea and sentenced him to one year of probation, 180 days in jail (177 days suspended), and a six month license suspension. The Court ordered Robinson to pay $225.00 in court costs and a fine of $250.00 (with $50.00 suspended). Robinson's notice of appeal provides the following probable issues for review: "Motion to suppress hearing never granted, ineffective assistant to counsel [sic]. Motion to suppress hearing withdrawn without knowledge or permission."

{¶ 5} Robinson asserts three assignments of error herein. His first assignment of error is as follows:

THE TRIAL COURT FAILED TO PROPERLY INFORM APPELLANT OF THE EFFECT OF HIS GUILTY PLEA IN COMPLIANCE WITH OHIO CRIMINAL RULE 11.

{¶ 6} Robinson argues as follows:

* * * At no point in the record does the Judge indicate to Appellant

his plea of guilty is a complete admission of guilt. In fact, Appellant never formally states he is guilty, though it can be inferred that was his intent. As the trial court has failed to comply with Ohio Criminal Rule 11, this case involves an invalid plea. As such, the plea should be ordered withdrawn and the case reversed and remanded to the trial court.

{¶ 7} The State responds that the Ohio Traffic Rules, and not Crim.R. 11, apply herein. The State asserts that Robinson's claim that he "never entered a guilty plea is also erroneous." The State asserts as follows:

> * * * The Trial Court informed the Defendant of the effect of his guilty plea by: insuring his right to a jury trial * * *; the nature of the charge and the maximum penalty * * *; that the plea was being made knowingly and voluntarily * * *; that he was assured of the advice of legal counsel * * *; and finally, that he would have the opportunity to personally address the Court in mitigation * * *.

{¶ 8} " 'Traffic case' means any proceeding, other than a proceeding resulting from a felony indictment, that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles * * *." Traf. R. 2(A). Traffic cases are governed by the Ohio Traffic Rules. Crim.R. 1(C); Traf.R. 1(A). A conviction for physical control in violation of R.C. 4511.194 carries a criminal penalty of six months or less in jail. R.C. 2929.24(A)(1). Under Traf.R. 2(D), a "petty offense" is defined as "an offense for which the penalty prescribed by law includes confinement for six months or less." Physical control is a petty offense.

{¶ 9} The trial court's acceptance of Robinson's guilty plea was governed by

Traf.R. 10, which provides in relevant part:

> * * *
>
> (B) Effect of Guilty or No Contest Pleas. With reference to the offense or offenses to which the plea is entered:
>
> (1) The plea of guilty is a complete admission of the defendant's guilt.
>
> * * *
>
> (D) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty * * *. This information may be presented by general orientation or pronouncement.

{¶ 10} As this Court has previously noted (footnote omitted):

> In *State v. Watkins,* 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, the Ohio Supreme Court clarified that in order to meet Traf.R. 10(D)'s requirement of "informing the defendant of the effect of the plea," the trial court need only inform the defendant of the information contained in Traf.R. 10(B). *Watkins, supra; see State v. Darden,* 2d Dist. Greene No. 2005 CA 109, 2006-Ohio-2908, ¶ 16. The Supreme Court stated that "[a] judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged." *Watkins* at ¶ 25. It held that, "in all cases, the judge must inform the defendant of the effect of his plea." *Id.* at ¶ 26. The Supreme Court

observed that trial courts have additional requirements under Crim.R. 11 for felony cases and misdemeanor cases involving serious offenses. However, the *Watkins* court noted that there are no "constitutionally mandated informational requirements for defendants charged with misdemeanors," and thus "the protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." *Id.* at ¶ 28. The Supreme Court held that "where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *Id.*

*State v. Mullett*, 2013-Ohio-3041, 995 N.E.2d 924, ¶ 13 (2d Dist.).

{¶ 11} In *State v. Craaybeek*, 2d Dist. Greene No. 2004-CA-39, 2005-Ohio-437, Lisa Craaybeck argued that her suspension for driving while under suspension "should be set aside because the trial court failed to tell her that her guilty plea was a complete admission of her guilt as required by Traf.R. 10(D)." *Id.*, ¶ 2. This Court determined as follows:

Recently the Ohio Supreme Court held that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. *State v. Griggs*, 103 Ohio St.3d 85, 87, 814 N.E.2d 51, 2004-Ohio-4415. Justice O'Connor wrote as follows:

"The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. *State v. Nero*, 56 Ohio St.3d at 107, 564 N.E.2d 474. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*Id.*] at 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' [*Id.*] Under the substantial-compliance standard, we review the totality of circumstances surrounding Griggs' plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt."

*Id.*, ¶ 14-15.

{¶ 12} Robinson's reliance upon Crim.R. 11 is misplaced, and having reviewed the record, we conclude that there was substantial compliance with Traf.R. 10(D) herein as well. The record reflects that the following exchange occurred at Robinson's plea hearing:

JUDGE: Good morning. Alright, how are you going to proceed with Mr. Robinson?

MR. ROWLAND: Your Honor, at this time we'd respectfully request leave of the court to withdraw our previously entered plea of Not Guilty and enter a plea to the amended charge of 4511.194, that being Physical Control. I have advised my client of the rights he's giving up by going

forward. He knows that there will be no Jury Trial in this matter and he does waive his right to a Jury Trial. At this time we respectfully enter a plea of Guilty to the charge.

JUDGE: Is there a Jury Demand on this case?

MR. ROWLAND: There was a Jury Demand, yes. Let me just . . .

JUDGE: Because we need that waived in writing as well.

MR. ROWLAND: What, what's going to happen is because you have a right to a Jury Trial it's so important you have to waive it in writing, that's what this document is going to say, okay? If I may approach, Your Honor.

JUDGE: Actually, we, we don't have a request for Jury Trial, but I still want him to waive it in writing, because I'm not going through the entire file to make sure someone simply forgot to put in on the back.

MR. ROWLAND: Your Honor, if I may approach, please let the record reflect that the Jury Waiver has been executed in open Court.

* * *

JUDGE: * * * Alright, Mr. Robinson, let's talk about your plea for just a moment. A Physical Control is still a first degree misdemeanor, that means that it can carry as much as $1,000.00 fine and six months in jail, and knowing [what] the maximum charge carries did you still want to enter a Guilty plea and accept the plea offer?

MR. ROWLAND: You're not going to get that, but she has to inform you of the maximums, so she has to . . .

JUDGE:   Did you hear me okay, do you know what I said?

MR. ROBINSON:   Yes.

JUDGE:   * * * Is that your understanding, you're accepting the offer of Physical Control?

MR. ROBINSON:   Yes.

JUDGE:   Okay, and did you want to then give up your right to have a Trial, either a Bench Trial to the Court or Jury Trial of your peers, either one?   Are you okay?

MR. ROBINSON:   Yes.

JUDGE:   Alright, what's going on?

MR. ROBINSON:   I'm alright.

JUDGE:   What?

MR. ROBINSON:   I'm alright.

JUDGE:   Okay.

MR. ROBINSON:   May I have one, one second?

JUDGE:   You want a second?

MR. ROBINSON:   Yes.

MR. ROWLAND:   Yeah, so what, I, I work for you buddy, you tell me what you want, I'll do it.   Now this would be before her, it's what we talked about before, it's what we talked about many times.   This is what you want to do?   This is literally your last chance to tell me this is not what you want to do and, if we can go forward that's what everybody's here to do today, is to go forward and get this over with.

JUDGE: Did you understand that when you told me you wanted to accept the offer of Physical Control, we're not going to set the case for a Trial, right, because you've accepted the plea offer. I just want to make sure that it's [a] knowing, voluntary plea. That's my job to make sure that this is what you want to do. And once you tell me that you want to accept the plea off . . . offer then I'm going to give you a chance to speak in your own behalf, anything in mitigation of your sentence, anything you want to tell me about the matter. That's how this works. I'm not trying to scare you right now. I'm making sure it's a knowing voluntary plea, nobody's twisted your arm, this is something that you want to do. Are you thinking, worried about the sentence, is that what's bothering you?

MR. ROBINSON: I'm thinking a few different things.

JUDGE: A few different things?

MR. ROBINSON: Yes.

JUDGE: I've pretty much explained to your lawyer it'd be a three day program, a fine, a license suspension, which you would have gotten anyway because you refused. That's . . .

MR. ROBINSON: I still get a license suspension?

MR. ROWLAND: Yes, you do.

JUDGE: When you refuse the test. You'd have a refusal suspension anyway. You were told that when you signed the, the form with the . . .

MR. ROWLAND: Your Honor, at this time we would ask that it be

set for Trial before the, do you want a Jury Trial or do you want a Trial before the Court?

MR. ROBINSON:   That has to be done today?

MR. ROWLAND:   You have to decide right now what you want.

JUDGE:   Well, you've got to remember then you're talking about it's back to an OVI and then that's a whole different set of penalties, alright, if you do that.   I'm just trying to make you think about it.   Do you want a chance to speak with your client?

MR. ROWLAND:   I, I would, Your Honor.   I, and I, I think that we've talked about this before, but I'll have the, a chance, if you don't mind, while the other . . .

JUDGE:   Yes.

MR. ROWLAND: . . . case is going on?

JUDGE:   He needs to understand that by operation of law when he refused the test regardless.

MR. ROWLAND:   We under . . . we've gone over that but we'll go over it again.

JUDGE:   Okay.

MR. ROWLAND:   Mr. Robinson, come out with me.

(OFF RECORD)

BAILIFF:   Your Honor, we're back on record now on State versus Robinson, Mr. Rowland's representing.

JUDGE:   Okay, where are we now, Mr. Robinson?

MR. ROBINSON:   Physical control.

JUDGE:   Your lawyer's done a really good job for you.   I'm not quite sure what this is all about, but we're going to move forward and that's what you want to do, you want to accept the plea bargain?

MR. ROBINSON:   Yes.

JUDGE:   I'm going to find that you've knowingly waived your rights, make a finding of guilt and accept your Guilty plea.   * * *

**{¶ 13}** It is clear that Robinson executed a jury waiver in open court.   He ultimately indicated that he wanted to accept the plea bargain, namely to enter a plea of guilty to physical control in exchange for the dismissal of the O.V.I. charge.   The court addressed the amended charge and its penalties, and Robinson was afforded additional time to confer with counsel. The court advised him that in the event he chose to plead not guilty, he would proceed to trial on the O.V.I. offense.   We conclude that prejudice is not shown due the court's failure to advise Robinson that his guilty plea is a complete admission of guilt, and Robinson's first assignment of error is overruled.

**{¶ 14}** Robinson's second assignment of error is as follows:

THE TRIAL COURT FAILED TO INQUIRE WHETHER AN APPELLANT PROCLAIMING HIS INNOCENCE WAS MAKING A RATIONAL DECISION TO ENTER A GUILTY PLEA.

**{¶ 15}** Robinson directs our attention to *State v. Dunnier*, 2d Dist. Montgomery No. 21762, 2007-Ohio-4891, which noted that in "the case of *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the United States Supreme Court held that a plea of guilty may be accepted by a trial court despite a defendant's protestations of

innocence." *Id.*, ¶ 23. This Court further noted in *Dunnier* as follows:

> In the case where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court "must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." *State v. Padgett* (1990), 67 Ohio App.3d 332, 338, 586 N.E.2d 1194. The accomplishment of this task requires a trial court at a minimum, to make an "inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." *Id.* at 338-39.

*Id.*, ¶ 26.

**{¶ 16}** Robinson argues as follows:

> Appellant specifically indicates he was not drinking on the night in question. Thus, he denies an essential element of the charge. No inquiry was made into his reasoning for entering a guilty plea notwithstanding his protestations of innocence. Furthermore, no inquiry was made into the state's evidence to determine the likelihood of his conviction as required by *Dunnier* and *Padgett.* As such, the plea should be ordered withdrawn and the case remanded to the trial court.

**{¶ 17}** The record reflects that *after* the court accepted Robinson's guilty plea as

set forth above, the following exchange occurred:

* * *

JUDGE: * * * And do you think there's a drinking problem that needs addressed?

MR. ROBINSON: Absolutely not.

JUDGE: Okay, any kind of drug problem?

MR. ROBINSON: No, no ma'am.

* * *

JUDGE: Anything else you want to tell me about this night in question, where had you been or you don't have to tell me anything if you don't want to.

MR. ROBINSON: The night in question?

JUDGE: This night here, on March 11. Only tell me the truth or just . . .

MR. ROWLAND: This is the colloquial, she's trying to get an idea of who you are so she can fashion a remedy. You tell her the truth. This is, this is what we do now, yes. You, if you want to talk to her . . .

JUDGE: I always call it, I've already said it once, this is reality court.

MR. ROWLAND: Yes.

JUDGE: People make mistakes. This does not mean that you're a bad person that you're in front of me. I don't make that kind of judgment at all. Very good people make mistakes in judgment every day.

MR. ROBINSON: I was coming from getting something to eat, on

my way home and he pulled me over.

JUDGE: Okay. Okay, it's going to be a $200.00 fine, Court costs, one (1) year probation, a hundred and eighty days (180) days, suspending all but three (3) and I'm going to give you option of three (3) days jail or an alcohol education program, a hundred and seventy-seven (177) days suspended on the condition no drug or alcohol related offenses for the next year. Six-month license suspension backdated to March 11 of 2016. Looks like you're otherwise valid except for the suspension, this ALS suspension, correct? I'll go ahead and terminate that ALS suspension, six (6) months, you've got a little bit left on your suspension. You need to drive where, work?

MR. ROBINSON: And school.

* * *

JUDGE: Where do you go to school, you didn't tell me about that.

MR. ROBINSON: Downtown, Sinclair.

JUDGE: What are you taking there?

MR. ROBINSON: Information Systems.

JUDGE: Information Systems, okay. Do you think you have a drinking problem that needs addressed? I saw the break you got three (3) years ago, as well as the Diversion Program.

MR. ROBINSON: Ma'am, truthfully I didn't drink that night.

JUDGE: He smelled an odor of alcohol strong on your breath.

MR. ROBINSON: Ma'am, I did not drink that night. Video doesn't

match the Statement of the Facts.   I'll go to my grave with that.

     JUDGE:   What?

     MR. ROBINSON:   I will go to my grave with that.

     JUDGE:   Okay, that's all, thank you.

**{¶ 18}** We conclude that Robinson's reliance on *Dunnier* is misplaced.   The defendant in *Dunnier* advised the court that he intended to enter an *Alford* plea to the indicted charges, and he pled guilty to four counts of gross sexual imposition in exchange for the State not going forward with securing a new indictment for rape, pursuant to which he would face life in prison.   *Id.*, ¶ 2.   Robinson protested his consumption of alcohol after the court accepted his guilty plea and after the court imposed sentence.   The Traffic Rules require no pre-plea factual inquiry by the court, and as the State asserts, "the case law cited by Appellant under the Second Assignment of Error can be distinguished since they apply to felony cases and Ohio Crim.R. 11 instead of traffic cases."   Accordingly, Robinson's second assignment of error is overruled.

**{¶ 19}** Robinson's third assignment of error is as follows:

     THE TRIAL COURT MUST MAKE A RULING ON A MOTION TO WITHDRAW A GUILTY PLEA PRIOR TO AN ENTRY CERTIFYING THE SENTENCE.

**{¶ 20}** Robinson asserts that this "assignment of error is moot as the plea was invalid and needs to be withdrawn.   However, the Court needed to make a ruling on the motion to withdraw the plea prior to certifying the sentence."

**{¶ 21}** The State responds that Robinson's "third assignment of error must fail because no Motion to Withdraw was ever received or filed with the Trial Court.

Therefore, no ruling was required." According to the State, Robinson's correspondence bearing a time stamp of September 9, 2016 "is simply a letter dated August 31, 2016 addressed to the Honorable Judge Cynthia M. Heck stating, 'I am writing you to request a Motion to Withdrawal my plea' * * *." The State asserts that "[t]his statement requests that the Court file a Motion to Withdraw on the Defendant's behalf. It has been mischaracterized as a Motion to Withdraw a Plea." The State argues that Robinson was represented by Attorney Rowland, "and for obvious reasons the Court could not file a Motion on the Defendant's behalf." The State asserts as follows:

> This document was submitted post sentencing, does not conform to any recognizable pleading form, was personally addressed to Judge Heck, contained no Certificate of Service to the Prosecutor's Office, reflects no evidentially sound manifest miscarriage of justice, and was followed three days later with a hand written request for a Notice of Appeal. In addition, the last paragraph of this document states, "In summation Your Honor, I am humbly asking you to accept my Motion to Withdraw my Plea due to inadequate representation and the pressure I was experiencing to make a decision based on the information given to me."

> Again, this sentence permits a reasonable interpretation that a Motion to Withdraw was to be attached, or included with the correspondence. It was not. And, the trial court was in no position to provide legal advice to the Defendant. It can be reasonably concluded that the Defendant decided not to file a Motion to Withdraw, and instead filed a Notice of Appeal three days later. Should this Honorable Court construe

this letter to be a Motion to Withdraw a plea, neither the Prosecutor's Office, nor the Trial Court were provided adequate time to respond. The letter was filed on September 9, 2016 which was a Friday. The letter was then supplanted by a Notice of Appeal filed September 13, 2016, which was the following Tuesday. That timeline makes no accounting for any notice and response time for the State of Ohio Prosecutor. A fair and just conclusion can be made for a tacit withdrawal of the letter's disguised request.

{¶ 22} The Traffic Rules do not include a rule governing the service of motions. Traf.R. 20 provides that if "no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply." Crim.R. 49(A) provides that "* * * written motions other than those heard ex parte * * * shall be served upon each of the parties." Crim.R. 49(C) provides that *"[p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.* The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D)." Robinson failed to properly serve his "motion to withdraw his plea," thus the jurisdiction of the trial court was not properly invoked, and the court was precluded from ruling upon the motion. In other words, the motion was a nullity. Accordingly, Robinson's third assignment of error is overruled.

{¶ 23} Having overruled Robinson's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies mailed to:

Joe Cloud
John Pinard
Hon. Cynthia M. Heck